IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTIN PEREA,

    Petitioner,

v.                                                                                                   No. 1:24-cv-00716 WJ-JHR
                                                                                                      No. 1:15-cr-03052 WJ-JHR

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

    This matter comes before the Court on Petitioner Martin Perea's 28 U.S.C. § 2255 habeas motion. CR Doc. 168; CV Doc. 1 (Motion). Petitioner is a federal prisoner and proceeding *pro se*. He asks the Court to vacate his production of child pornography convictions based on ineffective assistance of counsel, prosecutorial misconduct, and judicial misconduct. The United States responded. CV Doc. 7. Perea did not file a reply. Having reviewed the record and the relevant law, the Court will dismiss the Motion with prejudice.

**BACKGROUND**

    On July 24, 2015, the Valencia County Sheriff's Office in Los Lunas, New Mexico alerted the Federal Bureau of Investigation (FBI) about the possible production of child pornography involving an eight-year-old victim. CR Doc. 1 at 9 (Complaint). The victim's mother reported she had been dating Perea for approximately six years and, while looking through his phone, she found photographs and videos of him sexually abusing her minor daughter. *Id.* at 9-10. The victim's mother confronted Perea who admitted the conduct. *Id.* at 10. A search warrant was executed, and the FBI discovered over 1,000 video and image files of child pornography. *Id.* at 10-11. At a forensic interview, the victim indicated Perea sexually assaulted her "multiple times."

*Id.* at 13.  Perea was indicted with nine counts of production of a visual depiction of a minor engaging in sexually explicit conduct, or production of child pornography, contrary to 18 U.S.C. §§ 2251(a), (e), and 2256.  CR Doc. 15 (Indictment).

On December 8, 2015, this matter was designated as a complex case pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii).  CR Doc. 25.  The trial was scheduled to start on December 12, 2016.  CR Doc. 36.  One month prior to the trial setting, the Government filed an unopposed motion for an evaluation to determine Perea's competency to stand trial.  CR Doc. 39.  The Court granted the request and vacated the trial date.  CR Docs. 40, 41.  A psychological report was filed with the Court on May 11, 2017.  CR Doc. 42.  Following a telephonic status conference, the Court determined Perea was incompetent to stand trial.  CR Doc. 46.  On July 5, 2017, he was committed "to the custody of the Attorney General for hospitalization for restoration purposes pursuant to 18 U.S.C. § 4241(d)."  CR Doc. 49.  On March 15, 2018, upon receipt of another forensic psychological report, the Court continued to find that Perea was not competent to proceed to trial.  CR Docs. 50, 53, 59.

On October 25, 2018, the Court received a third forensic psychological report indicating Perea "recovered to such an extent he is able to understand the nature and consequences of the proceedings against him and to assist properly in the defense of the claims brought against him[.]"  CR Doc. 62.  The Court held competency hearings on May 22 and June 20, 2019.  CR Docs. 76, 81.  On September 18, 2019, after consideration of conflicting evidence, testing, expert opinions, and expert reports, the Court concluded that although Perea "suffers to some degree from an intellectual disability," it was "not so great to render him incompetent" or unable to proceed to trial.  CR Doc. 89.  Perea filed an interlocutory appeal.  CR Doc. 91.  On October 20, 2020, the

United States Court of Appeals for the Tenth Circuit dismissed Perea's appeal. CR Doc. 103-1. The mandate was issued on November 12, 2020. CR Doc. 103.

After Perea filed numerous motions to continue his trial setting, the parties negotiated a plea agreement. CR Docs. 104-12, 125-26, 133-34, 136-37, 138-39, 144-45. The plea agreement, drafted pursuant to Fed. R. Civ. P. 11(c)(1)(C), resolved that Perea would plead guilty to only two of the nine counts with a fixed sentencing range of 204 months to 300 months of imprisonment. CR Doc. 148. A change of plea hearing was held on August 17, 2022, and Perea entered a guilty plea as to Count 1 and Count 9 of the indictment. CR Doc. 171 (Transcript). On January 26, 2023, Perea was sentenced to a term of 300 months, or 25 years, of imprisonment and 25 years of supervised release. CR Doc. 172 (Transcript); CR Doc. 165 (Judgment).[1] He did not appeal.

Perea timely filed the instant Motion pursuant to Section 2255. CV Doc. 1. In claim one, he contends his counsel was ineffective for: (1) failing to conduct a proper pretrial investigation, and (2) providing "flawed or wrong legal advi[c]e that prejudiced Petitioner in proceedings." In claim two, he asserts prosecutorial misconduct based on the allegation that the Government "shut down any investigation into [their] Primary Witness" and "any further contact was denied by court order." In claim three, he argues the Court committed judicial misconduct by preventing him "from interviewing Governments Primary, Declared, Witness." The Court notes he was represented by the same attorney for his plea and sentencing.

---

[1] An amended judgment was issued on April 21, 2023 to address the amount of restitution owed. The amended judgment had no effect on the total term of imprisonment. *See* (CR Docs. 166, 167).

3

**DISCUSSION**

A. *Claim 1: Ineffective Assistance Counsel*

A petition under Section 2255 attacks the legality of a federal prisoner's detention. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States," including the Sixth Amendment right to effective counsel. 28 U.S.C. § 2255(a). *See also U.S. v. Tucker*, 745 F.3d 1054, 1066 (10th Cir. 2014) ("Sixth Amendment claims asserting ineffective assistance of counsel can and generally must be brought in a habeas action for post-conviction relief under 28 U.S.C. § 2255.").

A successful ineffective assistance of counsel claim must meet the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the petitioner must show "[c]ounsel's performance was deficient" and contained "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 688. In other words, the representation must fall below an objective standard of reasonableness based on prevailing professional norms. *Id.* at 687-88. The Court is required to "eliminate the distorting effects of hindsight" and "indulge a strong presumption that counsel acted reasonably." *Welch v. Workman*, 639 F.3d at 980, 1012 (10th Cir. 2011) (quotations omitted). The question to determine deficient performance "is whether [the] representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Simpson v. Carpenter*, 912 F.3d 542, 593 (10th Cir. 2018) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)); *Williamson v. Ward*, 110 F.3d 1508, 1514 (10th Cir. 1997) ("There is a strong presumption that counsel's performance falls within the wide range of

4

professional assistance, the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy.") (citations omitted).

The second prong of *Strickland* requires the petitioner to affirmatively prove the deficient performance prejudiced the defense. *Battenfield v. Gibson*, 236 F.3d 1215, 1234 (10th Cir. 2001) (citing *Strickland*, 466 U.S. at 693). The movant must establish prejudice by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of pleas, the petitioner must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). *See also Lafler v. Cooper*, 566 U.S. 156, 163 (2012) ("[A] defendant must show the outcome of the plea process would have been different with competent advice"). Courts may analyze either prong first and need only address one prong if the movant fails to make a sufficient showing on that prong. *Id.* at 697.

1. *Failure to Conduct a Proper Pretrial Investigation*

Perea contends his counsel was ineffective for failing to perform an adequate pretrial investigation. CV Doc. 1 at 4. He argues that "[h]ad such [an] investigation occurred, exculpatory and mitigating evidence would have been discovered" and his "proceedings would have been different." *Id.*

Under the deficient-performance prong, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. Perea does not, however, identify or explain what evidence his

5

counsel failed to uncover or how an investigation would have produced a different result with respect to his decision to plead guilty to two out of the nine counts. Conclusory allegations simply do not suffice to establish constitutionally deficient performance. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1459, 1471-72 (10th Cir. 1995) (allegations of ineffective assistance must be specific and particularized; conclusory allegations are insufficient and do not warrant an evidentiary hearing); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (The court is not required to "fashion [d]efendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments."). The movant bears a "heavy" burden when claiming ineffective assistance of counsel, and to meet this burden, his "allegations must be specific and particularized, not general or conclusory." *Fox v. Ward*, 200 F.3d 1286, 1295 (10th Cir. 2000).

Even if Perea's bare allegation satisfied the first prong of *Strickland*, he fails to show that he was prejudiced by the alleged failure to investigate. A defendant must specifically show what beneficial evidence a proper investigation would have produced. *United States v. Manriquez-Rodriguez*, 182 F.3d 934 (10th Cir. 1999) (unpublished) (citing *Hendricks v. Calderon*, 70 F.3d 1032, 1042 (9th Cir. 1995); *United States v. Ashimi*, 932 F.2d 643, 649 (7th Cir. 1991)). Perea does not identify any legal or factual defense that might have been developed through pretrial investigation, indicate what evidence may have been uncovered or what possible witnesses his counsel might have been able to identify, or state how any such information would have altered the plea-bargaining process. *See Romero v. Tansy*, 46 F.3d 1024, 1033 (10th Cir. 1995) (where a defendant alleges his counsel failed to adequately investigate the charges to which he pleaded guilty, he must show what the investigation would have uncovered and how that would have altered his decision to plead guilty). Simply speculating that some investigation might have

6

resulted in something useful will not suffice. *United States v. Clark*, 596 Fed. Appx. 696, 701 (10th Cir. 2014) (the "mere speculation" that further investigation would have aided his defense "is not sufficient to demonstrate prejudice"); *United States v. Belin*, 661 Fed. Appx. 923, 924 (10th Cir. 2016) (denying a certificate of appealability on an ineffective assistance of counsel claim where defendant did not say how he was prejudiced by his pretrial counsel's failure to investigate).

Moreover, to establish prejudice, Perea was required to show a reasonable probability that but for the alleged error, he would not have pleaded guilty and instead would have insisted on going to trial. *See Hill*, 474 U.S. at 58-59. Perea does not do so. He makes no assertion that he would have rejected the plea and proceeded to trial had his counsel conducted a better pretrial investigation. And, even if he had, Perea was also required to show that "a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). He makes no such showing. *See Clark*, 596 Fed. Appx. at 701-02 (defendant's allegation that he would have gone to trial but for counsel's errors was insufficient because he had not shown that rejecting the plea would have been rational, given the "evidence and the significant benefits which defendant received" as part of the plea agreement). In this matter, the results of a proper search warrant of his phone revealed numerous video and image files of child pornography. Perea received a substantial benefit by entering into the plea agreement, which permitted him to plead guilty to only two of the nine charged counts. And, as the Court acknowledged in the sentencing hearing, a sentence of 300 months imprisonment, which was the maximum sentence negotiated in the plea agreement, was a downward variance from the guidelines sentence of 360 months. (CR Doc. 172) at 44-45. Under these circumstances, it is unlikely that Perea would have declined the plea agreement and proceeded to trial.

Finally, Perea's conclusory argument that his counsel did not perform an adequate pretrial investigation fails to hold weight because such a position is contrary to the representations he made to the Court during his change of plea hearing:

> THE COURT: All right. Have you discussed with your attorney all of the facts and circumstances of your case?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Have you discussed the evidence the Government has and whatever evidence you could possibly bring to trial?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Have you discussed what the Government would have to prove and what defenses you may have?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Have you spent enough time with your attorney to have all of your questions answered and to fully understand your case?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Are you satisfied with the advice and representation of your attorney?
>
> THE DEDENDANT: Yes.

CR Doc. 171 at 22-23. At the sentencing hearing, Perea had an opportunity to address the Court, but did not raise any issues regarding his counsel's representation. *See* CR Doc. 172 at 33-36. Again, Perea confirmed he had sufficient time with his attorney to discuss the charges and evidence, and he had no issues with his attorney's assistance.

Consequently, Perea has established neither deficient performance nor prejudice, and thus he fails to show ineffective assistance of counsel under *Strickland*.

8

### 2. *Provision of Flawed or Wrong Legal Advice*

Perea contends his counsel was also ineffective for providing "flawed or wrong legal advi[c]e that prejudiced [him] in proceedings." CV Doc. 1 at 4. Similar to his first basis for ineffective assistance of counsel, Perea provides no factual support for his assertion. He does not identify specific advice that was given by his counsel or provide any explanation for why it was wrong and how it affected his decision to enter into a plea agreement rather than proceed to trial. Again, conclusory allegations do not suffice to establish constitutionally deficient performance. *See Hatch*, 58 F.3d at 1459, 1471-72; *United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) ("[W]hen a defendant who has pleaded guilty brings an ineffective assistance claim, he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.") (citation and internal quotation marks omitted). "[U]nless an attorney's advice is clearly legally erroneous, such as telling a client that accepting a plea is tantamount to perjury or threatening to withdraw from the case, it is not constitutionally deficient." *United States v. Mowery*, Case No. 10-CV-1263JP-WPL, 2012 WL 12903741, at *2 (D.N.M. July 31, 2012) (citing *Williams v. Jones*, 571 F.3d 1086, 1091 (10th Cir. 2009)).

Here, Perea's conclusory allegation lacks the proper supporting factual averments to establish an ineffective assistance of counsel claim under Section 2255.

### B. *Claims 2 and 3: Prosecutorial Misconduct and Judicial Misconduct*

In his second ground for habeas relief, Perea contends the Government "shut down any investigation" into the "Primary Witness," who was the "core base of origin in the charges levied against" him. CV Doc. 1 at 6. He claims that when it was discovered "that their Primary Witness was providing numerous items of exculpatory evidence, any further contact was denied by court

9

order," which prevented him "from the discovery of exculpatory evidence." *Id.* In his third ground for habeas relief, Perea asserts the "Judge committed harmful error in allowing a motion by prosecution preventing [him] from interviewing [the] Government[']s Primary, Declared, Witness." CV. Doc. 1 at 7. He claims the Court was "clouded by prejudicial sentiment" due to the nature of the charges against him. *Id.* The Court assumes Perea is referring to the victim as the "Primary Witness."

The Government's response does not address the collateral attack waiver in Perea's plea agreement and its impact on these grounds for relief, but the Court would be remiss to ignore it. In the section the agreement, titled "Waiver of Appeal" rights, it states:

> The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, imposed in conformity with this Fed. R. Crim. P. 11(c)(l)(C) plea agreement, as well as any order of restitution entered by the Court. The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation Guideline range. The Defendant also waives the right to appeal the denial of any motion filed under l8 U.S.C. sec. 3582(c)(1)(A) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. sec. 3553(a). *In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241 or 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.*

CR Doc. 148 at 11-12 (emphasis added).

A petitioner's waiver of the right to collaterally attack his convictions and sentence in a plea agreement is generally enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181-83 (10th Cir. 2001). When a petitioner waives the right to collaterally attack his or her sentence in a plea agreement but later files a motion pursuant to Section 2255, the Court must determine (1)

10

whether the collateral attack falls within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived his or her right to collateral review; and (3) whether enforcing the waiver would result in a miscarriage of justice. *United States v. Viera*, 674 F.3d 1214, 1217 (10th Cir. 2012) (citing *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam) (reviewing waiver of appellate rights)); *see also Cockerham*, 237 F.3d at 1183 ("the constraints which apply to a waiver of the right to direct appeal also apply to a waiver of collateral attack rights"). The Court must "strictly construe[]" the scope of the waiver, and "any ambiguities . . . will be read against the Government and in favor of" the petitioner's right to collateral review. *Id.* (citation omitted).

First, Perea's claims fall squarely within the scope of the collateral attack waiver. The plea agreement states, "the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241 or 2255, or any other extraordinary writ, except on the issue of counsel's ineffective assistance." CR Doc. 148 at 12. The prosecutorial and judicial misconduct claims are brought pursuant to § 2255 and are unequivocal collateral attacks on his conviction and sentence.

Second, the plea agreement and plea colloquy demonstrate Perea knowingly and voluntarily waived his right to collateral review. To determine whether a waiver of collateral review is knowing and voluntary, the Court looks primarily at two factors: (1) whether the plea agreement itself states that the defendant entered the agreement knowingly and voluntarily, and (2) whether there was an adequate colloquy under Rule 11 of the Federal Rules of Criminal Procedure. *Hahn*, 359 F.3d at 1325. The plea agreement itself expressly stated the nature of the waiver; contained a clear section in which Perea agreed that the plea was made freely and

11

voluntarily; and included a statement above his signature that he understood the terms of the agreement, including the relevant sentencing guidelines and voluntarily agreed to those terms. CR Doc. 25 at 12, 14.  At the change of plea hearing, Perea confirmed under oath that no one forced or threatened him to sign the plea agreement, and he understood he was waiving his right to appeal and to file a collateral attack on his conviction and sentence other than an ineffective assistance of counsel claim.  CR Doc. 171 at 7, 12-13.  The Court confirmed that Perea discussed with his attorney all of the evidence the Government had as well as all of the evidence he could bring to trial in his defense. *Id.* at 15.  He did not express any concern for a lack of access to "exculpatory evidence" related to the victim.  The Magistrate Judge accepted his plea, finding he was "competent and capable of entering an informed plea" and aware of the consequences of his plea. *Id.* at 17.

Third, Perea has not met his burden of establishing a miscarriage of justice. "[A] miscarriage of justice through enforcement of a waiver occurs only in one of four situations: '[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful.'" *Viera*, 674 F.3d at 1219 (quoting *Hahn*, 359 F.3d at 1327); *see also United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007) ("*Miscarriage of justice* . . . has a narrow meaning" in the context of an appellate waiver.).  Perea does not assert, and the Court cannot find, that any of these situations occurred in this case.  As such, his prosecutorial and judicial misconduct claims are barred by the plea agreement's collateral attack waiver.

Alternatively, even if the Court found the waiver to not apply, these claims would still fail.

12

Similar to his ineffective assistance of counsel claims, Perea does not substantiate any of his allegations with factual support. As to the prosecutorial misconduct claim, he does not identify how or when the Government allegedly "shut down" an investigation or prevented him from accessing "exculpatory evidence." He does not describe any of the exculpatory evidence the prosecutor allegedly withheld or how he was prejudiced, *see Strickler v. Greene*, 527 U.S. 263, 281-82 (1999) (showing of prejudice required). As to the judicial misconduct, he does not cite to any specific order that denied him from interviewing a witness, and the Court cannot independently find one. It is not this Court's role to fashion his arguments for him. *United States v. Hall*, 746 F. App'x 773, 776 (10th Cir. 2018).

    C. *Evidentiary Hearing*

Courts shall hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In other words, where the record for a Section 2255 motion "conclusively and expressly belie[s] [Petitioner's] claims," no evidentiary hearing is required. *Machibroda v. United States*, 368 U.S. 487, 495 (1962); *see also In re Lindsey*, 582 F.3d 1173, 1175-76 (10th Cir. 2009) (holding that an evidentiary hearing is not needed if "the district court has concluded that the record does not entitle the prisoner to relief; either the prisoner has failed even to allege facts on which relief could be predicated, or the record conclusively contradicts the prisoner's allegations"). For the reasons discussed above, the Court finds that the record is sufficient to dispose of each of Perea's allegations of ineffective assistance of counsel and his allegations do not warrant a hearing.

D. *Certificate of Appealability*

Habeas Corpus Rule 11 provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). For the reasons explained above, the Court finds that reasonable jurists could not debate the denial of Perea's Section 2255 motion and, therefore, a certificate of appealability will be denied.

**IT IS HEREBY ORDERED** that:

1. Petitioner Martin Perea's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 **(CR Doc. 168; CV Doc. 1)** is **DENIED** with prejudice.

2. A certificate of appealability is denied.

3. The Court will enter a separate judgment closing the civil habeas case.

/s/
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE